FARMERS' ELEVATOR COMPANY OF WAVERLY, Respondent, v. SWANSON et al., Appellants.

(146 N. W. 586.)

1. **Contract—Elevator Company Manager's Bond—Violation—Dealing in Options—Sufficiency of Evidence.**

   In a suit by an elevator company on the bond of its manager and grain buyer, to recover money lost by the latter in dealing in options, held, that the evidence, being materially conflicting, was sufficient to sustain verdict for plaintiff.

2. **Appeal—Review—Evidence, Conclusiveness of—Option Deals by Elevator Manager.**

   On appeal from a judgment for plaintiff for recovery of money lost by an elevator company's manager in dealing in options, it appearing, by the testimony of plaintiff corporation's directors and clerk, that defendant, long prior to his engaging in such deals, was notified immediately after the adoption of a proper resolution of the directors, concerning defendant's duties, to the effect that "dealings in options is prohibited," that such resolution, which amended a former resolution prohibiting such dealings where "prejudicial to the business" of the company, had been adopted, held, that for purposes of the appeal, this testimony must be taken as true.

3. **Agency—Liability of Elevator Company's Manager's Sureties—Option Dealing.**

   The sureties of the manager and grain buyer of an elevator company, on a bond conditioned upon the faithful discharge of his duties and the accounting for all grain and money received by him under his agency, are liable for losses sustained through his dealings in options in violation of a resolution of the company's directors, and of which the manager had been notified before making such deals.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by the Farmers' Elevator Company of Waverly against F. M. Swanson and others, to recover upon a surety bond given by defendant and his sureties, under his agency as plaintiff's manager and grain buyer. From a judgment for

plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Wilbur S. Glass,* for Appellants.

The evidence is insufficient to justify the verdict, because, First. The evidence fails to show that F. M. Swanson has not well and faithfully discharged his duties as such manager and grain buyer.

Second. The evidence fails to show that F. M. Swanson has not accounted for all grain which came into his possession in said elevator, weighed in and weighed out, less reasonable shrinkage.

Third. The evidence fails to show that F. M. Swanson has not accounted for all moneys which came into his hands and belonging to said elevator company.

*Loucks, Mather & Stover,* for Respondent.

The bond in this case being conditioned on the faithful performance of his duties as manager, and also to account for all shortage of grain, it covers the position of the respondent in two ways. In other words the dealing in options being prohibited by the company, or even in the absence of such a prohibition of the company without its authority would be a breach of his duty under the clause requiring his bondsmen to guarantee the faithful performance of his duty. Secondly, it resulted in a shortage on his grain account by reason of the fact that the money used for option purposes came out of the grain and left a shortage in the grain account.

McCOY, J.   It appears from the record that about the month of May, 1909, appellant F. M. Swanson was employed by respondent as manager and grain buyer at its elevator at Waverly, and that as a part of the contract of employment the said F. M. Swanson was required to and did give and enter into a bond, with appellants Frank A. Swanson, Neilson, and Meyers as sureties, conditioned, among other things, that if said Swanson well and faithfully discharged his duties as such manager and grain buyer, and should account for all grain which might come into his possession in such elevator, weighed in and weighed out, less reasonable shrinkage, and account for all moneys which might come into his hands belonging to said elevator company, then such obligation should become null and void; otherwise,

to remain in full force and virtue.    It is conceded by the par-
ties hereto that said Swanson, as such manager and grain buyer,
dealt in what is designated "options" with certain commission
firms, and that such "option" transactions resulted in a net loss
to said elevator company of $980.    Plaintiff, who is respondent
here, instituted this action against Swanson and his said sure-
ties to recover such loss, basing its claim to recover upon a
breach of the conditions of said bond    There was a verdict and
judgment for plaintiff, and defendants appeal.

[1] The vital question for consideration is whether or not
said dealings in "options" by said Swanson were in violation of
his duties as such manager and grain buyer.    Appellants contend
that Swanson was authorized by plaintiff to deal in such "op-
tions" as a part of his duties; and this is denied by plaintiff,
who contends that Swanson was expressly prohibited from en-
gaging in such transactions.    This was one of the disputed
questions of fact at issue, and on which question there was ma-
terial conflict in the testimony.    We are of the opinion that
there was ample evidence submitted by plaintiff to support
the verdict of the jury.

[2] The contract of employment was oral, and the duties
of such manager and grain buyer were such as might be pre-
scribed or required by the board of directors of respondent.
At the time Swanson was employed, a resolution was passed
relating to his duties, which, among other things, provided that
"dealings in options detrimental to the business of the elevator
company would not be permitted;" but the board of directors
at a subsequent meeting amended this part of the resolution,
so as to read "dealings in options is prohibited."    The members
of the board of directors, and the clerk thereof, testified that
Swanson was immediately notified of this amendment, and long
prior to his engaging in any of said option deals.    For the pur-
poses of this appeal, this testimony of the board of directors,
and the clerk thereof, must be taken as true.

[3] Under these circumstances, we are of the view that
Swanson was not authorized to engage in option dealings for
and on behalf of the elevator company, and that his doing so
was a violation of, and a failure to well and faithfully discharge,
his duties as such manager and grain buyer, and that the

taking of the moneys and grain of respondent to settle the losses occasioned by such option dealings was a misappropriation of said moneys and grain, and in violation of the terms of said bond, and a breach thereof, for which Swanson and his said sureties became liable. He could not thus account for the grain and moneys of respondent.

Many assignments of error are presented relating to the reception or rejection of evidence, instructions of the court, motions to strike testimony, or motions for directions of verdict; but they are all based upon the crucial question of whether or not Swanson was authorized to engage in such option dealings. All these assignments have been considered, and we are of the view that no prejudicial error exists therein.

The judgment and order appealed from are affirmed.